IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-13-D
No. 4:12-CV-9-D

| | |
|---|---|
| NICHOLAS OMAR MIDGETTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On January 14, 2011, the court sentenced Nicholas Omar Midgette ("Midgette") to 46 months' imprisonment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("2011 federal conviction"). See Judgment [D.E. 31] 1–2. The predicate felony conviction for the 2011 federal conviction was a 2005 federal conviction for being a felon in possession of a firearm (the "2005 federal conviction"). PSR ¶ 14. On June 21, 2005, the Honorable Louise W. Flanagan sentenced Midgette to 46 months' imprisonment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). United States v. Midgette, No. 4:04-CR-54-FL-1, [D.E. 35] (E.D.N.C.); see Def.'s Mem. Supp. Mot. Vacate [D.E. 33-1] 2. The predicate felony conviction for the 2005 federal conviction was a 2004 North Carolina conviction for possession with intent to sell and deliver marijuana ("2004 state conviction"). See Def.'s Mem. Supp. Mot. Vacate 2. On February 18, 2004, the Craven County Superior Court sentenced Midgette to three-to-four months' imprisonment for possessing with intent to sell and deliver marijuana. PSR ¶ 11; see Def.'s Mem. Supp. Mot. Vacate 2. At the time of his 2004 state conviction, North Carolina law classified possession with intent to sell and deliver marijuana as a Class I felony. See N.C. Gen. Stat. § 90-95(a)–(b). Midgette states that, at the time of his 2004 state conviction, he had a prior record level of II pursuant to North Carolina's structured sentencing statute and could not have been sentenced

to a term of imprisonment greater than one year. See Def.'s Mem. Supp. Mot. Vacate 2.

On January 12, 2012, Midgette filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 33] and a supporting memorandum [D.E. 33-1]. On March 1, 2012, the United States filed a motion to dismiss [D.E. 36] and a supporting memorandum [D.E. 37].

Midgette argues that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), invalidates his 2005 federal conviction, which in turn invalidates his 2011 federal conviction. In support, Midgette argues that the 2004 state conviction cannot serve as a predicate felony conviction for the 2005 federal conviction under Simmons because he was not eligible in 2004 for a term of imprisonment greater than one year. Def.'s Mem. Supp. Mot. Vacate 2–3; see N.C. Gen. Stat. § 15A-1340.17(c)–(d) (1997) (maximum term of 10 months' imprisonment for presumptive range sentence). Accordingly, Midgette contends that the 2005 federal conviction is invalid.[1] Midgette then argues that because his 2005 federal conviction is invalid, it cannot serve as a predicate felony conviction for his 2011 federal conviction. See id.

Midgette is wrong. In United States v. Kahoe, 134 F.3d 1230 (4th Cir. 1998), the Fourth Circuit held that a subsequently vacated predicate felony conviction does not invalidate a conviction under section 922(g)(1) for possessing a firearm or ammunition after sustaining a felony conviction. Id. at 1234–35. The Fourth Circuit relied on the Supreme Court's reasoning in Lewis v. United States, 445 U.S. 55 (1980), to conclude that defendant's section 922(g)(1) conviction remained valid, notwithstanding the subsequent vacatur of the predicate felony conviction, because defendant was nevertheless a convicted felon when he possessed a firearm. See Kahoe, 134 F.3d at 1232–33. Moreover, in United States v. Neal, 458 F. App'x 246 (4th Cir. 2011) (per curiam) (unpublished), the Fourth Circuit relied on Kahoe to reject a claim that is materially indistinguishable from

---

[1] On January 12, 2012, Midgette also filed a section 2255 motion seeking to vacate the 2005 conviction based on Simmons. See Def.'s Mem. Supp. Mot. Vacate 3 n.1; see also Midgette, No. 4:04-CR-54-FL-1, [D.E. 71] (E.D.N.C.). The court does not address that motion here.

2

invalidated defendant's first section 922(g)(1) conviction, defendant's second section 922(g)(1) conviction premised on the first 922(g)(1) conviction remained valid. Neal, 458 F. App'x at 248. Thus, even if the 2005 federal conviction is invalid because of Simmons (an issue that this court does not reach), Midgette is not entitled to relief for the 2011 federal conviction. See id. Accordingly, the court GRANTS the United States's motion to dismiss [D.E. 36] and DISMISSES the motion to vacate, set aside, or correct Midgette's sentence [D.E. 33]. A certificate of appealability is DENIED. See 28 U.S.C. § 2253.

SO ORDERED. This 1 day of August 2012.

JAMES C. DEVER III
Chief United States District Judge